Michael J. COOPER, Plaintiff and Respondent,

v.

Walter DeLAND, Richard Vigor, et al., Defendants and Appellants.

No. 18101.

Supreme Court of Utah.

July 26, 1982.

David S. Dolowitz of Parsons, Behle & Latimer, Salt Lake City, for defendants and appellants.

Phil L. Hansen of Hansen & Hansen, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This case involves a custody dispute between a minor child's natural father and stepfather.

Plaintiff-respondent, Michael J. Cooper, is the natural father of a minor child, born July 22, 1973, as the issue of his marriage with Lisa DeLand. The marriage terminated in divorce in 1975, and Lisa DeLand was granted custody of the minor child. Lisa DeLand married the defendant-appellant, Richard Vigor, on July 24, 1980. Lisa DeLand Vigor died on October 13, 1980. The respondent initiated this action against the minor's maternal grandparents, maternal uncles and aunts, and appellant, seeking custody of his son. The defendants filed a counterclaim, seeking to have the appellant appointed as the guardian of the minor.

The trial court determined that neither the appellant nor the respondent was unfit to have custody of the minor child. However, the court ruled that the appellant had failed to show, by clear and convincing evidence, that it was not in the best interests of the minor to be placed in the custody of his natural father. Thus, the trial court granted custody to the minor's natural father, with an order that the minor's maternal grandparents be granted reasonable visitation privileges. On appeal, the appellant alleges that the trial court erred when it required the defendants to meet the "clear and convincing evidence" standard set out in *In re Castillo,* Utah, 632 P.2d 855 (1981).

This Court stated in *Castillo* that a party seeking to deprive the natural parent of his parental rights must prove by "clear and convincing evidence" that it is not in the best interests of the child to reside with his natural parent. *Id.* at 857. Appellant claims that since the present case involves a custody dispute rather than a permanent termination of parental rights, the *Castillo* standard does not apply here.

After this appeal was filed, this Court refined the standard adopted in *Castillo* in regard to cases involving permanent termination of all parental rights. In *In re J.P.,* Utah, 648 P.2d 1364 (1982), we stated that before a natural parent can be permanently deprived of all parental rights, it must be shown by clear and convincing evidence that the parent is unfit, abandoning, or substantially neglectful. However, *In re J.P.* was carefully limited to cases involving permanent termination of parental rights, and does not extend to cases involving custody disputes.

■ In another recent case, *Hutchison v. Hutchison,* Utah, 649 P.2d 38 (1982), this Court set out the standard to be applied in custody disputes. In *Hutchison,* we reaffirmed the position that a child's best interests are of paramount importance in a custody dispute, and that those interests are presumed to be most adequately served by granting custody to the natural parent. However, as stated in *Hutchison,* the parental presumption is not conclusive.

■ A party seeking to deprive a natural parent of custody of a minor child can rebut the parental presumption only by evidence establishing that: "no strong mutual bond exists, that the parent has not demonstrated a willingness to sacrifice his or her own interest and welfare for the child's, and that the parent lacks the sympathy for and understanding of the child that is characteristic of parents generally." Only after the parental presumption has been rebutted, will the parties compete on equal footing, and custody shall then be granted to the

party who will most adequately protect and promote the best interests of the child. For the factors that may be considered in determining the child's best interests, see *Hutchison.*

 The standard applied by the trial court in the instant case is not in conformity with that adopted in *Hutchison.* The case is therefore remanded to the trial court with instructions to enter findings consistent with the holding in *Hutchison.* Pending further disposition of this matter in the trial court, custody of the minor child shall remain with his natural father, the respondent herein.

No costs awarded.